Charles E. STUART

v.

A.L. LOCKHART, Director Arkansas Department of Correction.

No. PB–C–82–36.

United States District Court, E.D. Arkansas, Pine Bluff Division.

May 26, 1983.

Charles E. Stuart, pro se.

Theodore Holder, Asst. Atty. Gen., Little Rock, Ark., for defendant.

## MEMORANDUM OPINION

EISELE, Chief Judge.

Charles E. Stuart, an inmate at the Cummins Unit of the Arkansas Department of Correction, has filed a complaint pursuant to 42 U.S.C. § 1983. He alleges that the Department of Correction and/or its Director, A.L. Lockhart, violated his constitutional rights when they failed to inform him of the effect of Act 93 upon his parole eligibility at the time he entered a guilty plea to charges he faced in state court in 1978. Act 93 establishes the guidelines for parole eligibility regarding inmates committing offenses after April 1, 1977, and is codified in Ark.Stat.Ann. § 43–2828 *et seq.* (Repl.1977 and Supp.1981). Upon classification, the plaintiff was determined to be a "fourth offender" and therefore ineligible for parole. In addition to the claim listed above, the plaintiff contends that he should not be subjected to Act 93 because the convictions relied upon in applying the Act occurred prior to Act 93's enactment.

The defendant has moved to dismiss the complaint for failure to state a claim upon which relief may be granted. For the reasons stated below, the complaint will be dismissed.

The classification scheme embodied in Ark.Stat.Ann. § 43–2828 states in pertinent part:

> (4) Fourth offenders shall be inmates convicted of four or more felonies and who have been incarcerated in some correctional institution in the United States, whether local, state or federal, three or more times, for a crime which was a felony under the laws of the jurisdiction in which the offender was incarcerated, *prior to* being sentenced to a correctional institution in this State for the offense or offenses for which they are being classified.

§ 43–2828(4) (emphasis added).

Section 43–2829 A states:

> Persons who committed felonies prior to April 1, 1977, and were convicted and incarcerated for the same, shall be eligible for release on parole in accordance with the parole eligibility law in effect at the time such crime was committed.

The plain meaning of these two provisions is that no person may have the (relatively more stringent) parole eligibility requirements, as contained in the 1977 Act, applied to him if his *latest* felony—that for which he is *now* being classified—occurred prior to April 1, 1977. Instead, as § 43–2829A provides, the appropriate law would be that effective at the time the crime was committed. This provision does not, however, affect individuals whose *latest* felony occurred after April 1, 1977. Act 93 is clearly applicable to such individuals. It is also clear that where Act 93 applies, those felony convictions occurring "prior to" April 1, 1977 may computed for purposes of tallying the individual's number of convictions.

At least since *Spencer v. Texas,* 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967), the Supreme Court has countenanced habitual offender statutes. *See also Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). Furthermore, a classification scheme such as the one at bar on its face violates no constitutional due process right. Indeed, there is no constitutional right or entitlement to parole. And although a prisoner must be accorded certain due process rights in connection with the parole-determination process, there is no indication he was denied same by the defendant in this case. In short, even if the trial court, the State, or the plaintiff's attorney failed to inform him fully of the applicability of Act 93, the defendant in this case neither took part in, nor is responsible for the taking of the plaintiff's guilty plea and the imposition of sentence. The defendant therefore cannot be liable for damages pursuant to § 1983. *See Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *Cotton v. Hutto,* 577 F.2d 453, 455 (8th Cir.1978) (respondeat superior inapplicable in § 1983 action for damages).

Finally, to the extent that the plaintiff's complaint seeks early release from

prison, his proper vehicle for relief is a *habeas corpus* action, not an action brought under § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

It is therefore Ordered that the defendant's motion to dismiss the plaintiff's complaint be, and it is hereby, granted.