Allen Bruce WOODS *v.* A.L. LOCKHART, Commissioner, L.E. LAGRONE, Warden, Don MASSEY, Records

86-226                                              727 S.W.2d 849

Supreme Court of Arkansas
Opinion delivered April 20, 1987

*Appellant*, pro se.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

Tom Glaze, Justice. Appellant, a Correction Department inmate, filed for a declaratory judgment and writ of mandamus in Jefferson County Circuit Court, requesting that appellees be required to recompute appellant's parole eligibility date. The trial court denied appellant's request, and he brings this appeal.

Appellant has been convicted and sentenced for felonies on three separate occasions. First, in February 1976, he was sentenced for an armed robbery committed in 1975, and given thirty-two years. He was paroled in August 1982, and, in August 1985, he was convicted of other crimes for which he received four

concurrent twenty-year terms to run consecutively to his earlier thirty-two year sentence—making a cumulative sentence of fifty-two years. Next, appellant was sentenced to ten years in March 1986, for another or second armed robbery crime that he committed in September 1983. This ten-year term was made to run concurrently with the twenty-year sentences but consecutively to the thirty-two-year term.

Relying upon Ark. Stat. Ann. § 43-2807.1 (Supp. 1985), appellees determined that appellant is ineligible for parole until he serves his ten-year sentence for his second conviction for armed robbery. The trial court agreed with appellees, and we affirm.

Section 43-2807.1, enacted in 1983, provides, in pertinent part, that any person who commits aggravated robbery subsequent to March 24, 1983, and who has previously pled guilty, nolo contendere or been found guilty of aggravated robbery, shall not be eligible for release on parole. Clearly, § 43-2807.1 was in effect when the appellant committed his second aggravated robbery in September 1983. Therefore, he was charged with the knowledge of that law when he committed the crime, and, in fact, we said as much in *Tisdale* v. *Lockhart*, 288 Ark. 203, 703 S.W.2d 849 (1986).

In *Tisdale*, the defendant had two prior felony convictions when he was paroled on his second one in 1978. Under the laws in effect then, Tisdale was eligible for parole after having served one-third of that sentence with credit for good time. In 1983, he was convicted and sentenced to a ten-year term to run concurrently with a twenty-one-year sentence upon which he had been paroled in 1978. In determining Tisdale's parole eligibility after his third offense, the Correction Department, under Act 93 of 1977 [Ark. Stat. Ann. § 43-2829(B)(4) (Repl. 1977)], decided he must serve three-fourths of his ten-year sentence. This resulted in a parole eligibility date which was later than what his parole date would have been under his earlier twenty-one-year sentence. Tisdale argued on appeal that his twenty-one-year sentence should have controlled when determining parole eligibility. We rejected Tisdale's argument and said:

> This argument disregards not only the language of Act 93 but also its obvious intent, which was to lengthen the period of confinement before parole eligibility as the number of

> prior convictions increases. *Everyone is charged with knowledge of the criminal law. Hence, when Tisdale was released on parole in 1978 he must be taken to have known that if he committed a third felony and was convicted, he would be compelled to serve three-fourths of his sentence before being eligible for release on parole. That Tisdale happened to be serving a 21-year sentence has nothing whatever to do with his parole eligibility under Act 93.* We are certain that the legislature did not intend, as Tisdale in effect argues, that because Tisdale was serving a 21-year sentence he is entitled to greater leniency than if he had been serving only a 15-year sentence. Act 93 changed the law and thereby gave Tisdale notice of what would happen if he should be convicted a third time. He was so convicted and must suffer the consequences imposed by law. (Emphasis supplied.)

288 Ark. at 244.

Our holding in *Tisdale* controls here. Appellant committed his second armed robbery when the law (§ 43-2807.1) unequivocally provided no parole eligibility existed for the commission of aggravated robbery, second offense. Therefore, appellant must suffer the consequence of his criminal acts as was imposed by law when he committed his second robbery.

In conclusion, we briefly mention appellant's misplaced reliance on *Bosnick* v. *Lockhart*, 283 Ark. 206, 672 S.W.2d 52 (1984). There, Bosnick was convicted of a murder committed in December 1968, and sentenced to life in prison. At the time of the crime and Bosnick's conviction, Arkansas law authorized parole eligibility to individuals sentenced to life terms of imprisonment. *See* Section 28 of Act 50 of 1968. Nevertheless, the Correction Department later denied Bosnick any parole after he was convicted of escape in 1978 because the Department said his parole eligibility had to be determined under a later act—Act 93 of 1977—which was effective at the time Bosnick escaped. Unlike the 1968 law, Act 93 specifically disallowed parole eligibility for persons sentenced to life imprisonment. In *Bosnick*, we merely held that it was unconstitutional to apply the 1977 act retroactively to Bosnick's first conviction and that his parole eligibility had to be determined under the law effective when the crime was

committed in 1968.

Of course, the situation here differs from the one in *Bosnick* because the Department made no attempt to apply a new or different law to lengthen appellant's parole eligibility under his earlier convictions. Instead, and consistent with our holding in *Bosnick*, the Department calculated appellant's parole time in accordance with the law in effect at the time his second aggravated robbery was committed, and in doing so, it correctly determined he must serve the entire ten-year sentence he received for that robbery. While such a determination may indirectly affect any parole eligibility he may have otherwise received for his other prior convictions, his parole status was determined by the correct parole statutes in effect at the time appellant committed his numerous crimes.

Accordingly, we affirm.