Brian Judah MICHALEK *v.* A. L. LOCKHART, Director, Arkansas Department of Correction

86-234                                                  730 S.W.2d 210

Supreme Court of Arkansas
Opinion delivered June 1, 1987

*Appellant*, pro se.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. At issue in this appeal is the classification for parole eligibility purposes of an inmate at the Arkansas Department of Correction. The trial court upheld the action of the Department. We affirm.

Brian Judah Michalek, the appellant, entered a negotiated plea of guilty on May 28, 1981, to breaking and entering and to arson. He received a fifteen-year sentence for the arson conviction and five years for breaking and entering, with the sentences to be served concurrently. While he was incarcerated, Michalek escaped and was charged with escape and theft of property. He entered a negotiated plea of guilty to those charges on July 11, 1983, and received a two-year sentence for the escape, and four years for theft of property, to be served concurrently. This four-year sentence, however, was to be served consecutively to the fifteen-year sentence imposed in 1981.

After his second set of convictions, Michalek was reclassified by the Department of Correction, for parole eligibility purposes, from a first offender to a second offender. It is that reclassification that is the subject of this appeal. Michalek contends the Department improperly computed his sentence after his second conviction. Michalek also contends the Department violated his state and federal constitutional rights. Neither allegation has any merit.

In his first assignment of error, Michalek relies on this court's decision in *Bosnick* v. *Lockhart*, 283 Ark. 206, 672 S.W.2d 52 (1984), *supplemental opinion on denial of rehearing*, 283 Ark. 209, 677 S.W.2d 292 (1984). In that case, Bosnick was sentenced to life in prison for murder committed on December 31, 1968. In 1977, Act 93 was passed by the General Assembly which changed the parole eligibility laws. On October 30, 1978, Bosnick escaped from prison, for which he was subsequently convicted and sentenced to an additional three-year term, to be served consecutively. Although Act 93 was in effect at the time of Bosnick's escape from prison, a different parole eligibility law applied when Bosnick committed murder in 1968. Under the prior law, Bosnick was eligible for parole after serving fifteen years of the life sentence. Under Act 93, he was not eligible for parole until and unless the life sentence was commuted to a term of years by the governor. The Department applied the 1977 Act and refused to consider Bosnick for parole. This court reversed, holding that "parole status is governed by the parole statute in effect at the time the crime was committed."

Our holding in *Bosnick* is not applicable to the facts of this case. The same parole statute, Act 93 of 1977, was in effect when both of Michalek's crimes were committed. The Act, codified at Ark. Stat. Ann. §§ 43-2828 — 43-2830 (Repl. 1977 & Supp. 1985), makes provision for "first offenders": "inmates convicted of one or more felonies but who have not been incarcerated . . . for a crime which was a felony", and for "second offenders": "inmates convicted of two or more felonies and who have been once incarcerated . . . for a crime which was a felony." § 43-2828(1) & (2). First offenders are not eligible for parole until a minimum of one-third of their sentence is served, while second offenders are not eligible until a minimum of one-half of their sentence is served. § 43-2829(B)(2) & (3).

Although Michalek was classified as a first offender and only required to serve one-third of his sentence after his first conviction, he was properly reclassified as a second offender after his second conviction, and ordered to serve one-half of his sentence to be eligible for parole. The parole eligibility laws did not change while Michalek was incarcerated; his status did as a result of his commission of a second crime. We have previously explained that everyone is charged with knowledge of the

criminal law and that the purpose of Act 93 "was to lengthen the period of confinement before parole eligibility as the number of prior convictions increases." *Tisdale* v. *Lockhart*, 288 Ark. 203, 703 S.W.2d 849 (1986), *Woods* v. *Lockhart*, 292 Ark. 37, 727 S.W.2d 849 (1987).

As to Michalek's second argument, it is not clear what constitutional rights he is claiming were violated and he does not cite any authority in his argument. Assignments of error unsupported by convincing argument or authority will not be considered on appeal unless it is apparent without further research that they are well taken. *Dixon* v. *State*, 260 Ark. 857, 545 S.W.2d 606 (1977).

Nevertheless, the classification scheme contained in § 43-2828 violates no constitutional due process right since there is no constitutional right or entitlement to parole. *Stuart* v. *Lockhart*, 587 F. Supp. 1 (E.D. Ark. 1983). The United States Supreme Court has also explained that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz* v. *Nebraska Penal Inmates*, 442 U.S. 1, 7 (1979).

Accordingly, Michalek's claim that his constitutional rights were violated is without merit.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I respectfully dissent. The appellant was sentenced by the trial court to fifteen years in the Arkansas Department of Correction. Under the current parole statutes, Ark. Stat. Ann. §§ 43-2828—2833 (Repl. 1977 & Supp. 1985), he was to serve five years of the sentence as he was unquestionably a "first offender" as defined in the statute. While serving this sentence he committed crimes for which he was sentenced to serve an additional four years, consecutive to the sentence of fifteen years which he had been serving. The Arkansas Department of Correction subsequently reclassified him as a second offender and related it back to the first sentence. Under the Department of Correction's application of the statute and this Court's interpretation of it in the present case, the appellant is now required to serve at least one-half of the original sentence.

The effect of the Arkansas Department of Correction's action is to resentence him on the first offense and require him to serve a longer sentence than imposed by the trial court. This action is clearly ex post facto as applied to the original sentence. He now must serve time on the first offense which was not required at the time of the first sentencing.

Act 93 of 1977 undoubtedly was intended to lengthen the period of confinement imposed for *subsequent* offenses committed by persons who had been previously incarcerated for a felony. The majority opinion cites the applicable statute, but fails to quote the determinative section thereof. Ark. Stat. Ann. § 43-2828(1) (Repl. 1977) defines "first offenders" as "inmates convicted of one or more felonies but who have not been incarcerated . . . for a crime which was a felony . . . *prior to being sentenced to a correctional institution in this state for the offense or offenses for which they are being classified.* [Emphasis added.]" For the purposes of the application of this statute to the original sentence, the appellant clearly remained a "first offender"; he was re-classified as a "second offender" for an offense prior to which he had never been incarcerated.

The legislature is supposed to enact laws and the courts are supposed to interpret and apply the laws. The Arkansas Department of Correction is required to operate pursuant to the laws of the state. However, it now appears the Arkansas Department of Correction may interpret the law as it sees fit in spite of the plain words of the statute.

Certainly appellant could correctly and legally be compelled to serve one-half of the second sentence because that is what the law states. However, to increase a sentence already being served is most certainly ex post facto and fundamentally unfair.