Finally, we emphasize that our holding here does not suggest a conclusion on the merits.

Sharon LUMPKIN, Appellant,

v.

CO-I BEVERLY A. McKENNON, WOMEN'S UNIT, Appellee.

No. 89–1457.

United States Court of Appeals, Eighth Circuit.

Submitted July 21, 1989.

Decided Aug. 17, 1989.

Sharon Lumpkin, pro se.

J. Brent Standridge, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before ARNOLD, FAGG, and BEAM, Circuit Judges.

PER CURIAM.

Sharon Lumpkin, an inmate at the Arkansas Department of Correction, appeals from the district court's order granting summary judgment to prison officer Beverly McKennon, in Lumpkin's 42 U.S.C. § 1983 suit alleging constitutional violations arising out of a prison disciplinary hearing in which Lumpkin was found guilty of violating a prison rule prohibiting sexual conduct between inmates. Because the disciplinary committee's decision was based on McKennon's eyewitness statement, the district court determined it was supported by "some evidence" as required by *Superintendent v. Hill*, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). We affirm.

Because Lumpkin sought recalculation of her parole eligibility and release dates taking into account withheld goodtime credits, as well as damages, the principles enunciated in *Offet v. Solem*, 823 F.2d 1256 (8th Cir.1987), indicate the district court should have stayed the proceedings pending Lumpkin's exhaustion of any available state remedies. Nevertheless, because Lumpkin's challenge that the discipline lacked an evidentiary basis is without merit, *see Saenz v. Young*, 811 F.2d 1172, 1174 (7th Cir.1987), a stay would only unnecessarily delay the inevitable. We need not address Lumpkin's remaining claims, which are raised for the first time on appeal.

Accordingly, the district court is affirmed.