**Raymond LINDSEY, Appellant,**

v.

**Robert WELLS, Arkansas Board of Pardons & Parole, Vigi Powers, Mike Gaines, Connie Lewis Mayton, Dennis Evans, Arkansas Board of Pardons & Paroles, Appellees.**

No. 89–2202.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 10, 1990.

Decided March 5, 1990.

Raymond Lindsey, pro se.

Jack Gillean, Little Rock, Ark., for appellees.

Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.

PER CURIAM.

Raymond Lindsey, an Arkansas inmate, appeals from the District Court's [1] order granting summary judgment to members of the Arkansas Parole Board (Board or Parole Board) on Lindsey's claim filed under 42 U.S.C. § 1983. We remand the case to the District Court with instructions to

---

**1.** The Honorable David Young, United States Magistrate for the Eastern District of Arkansas, to whom the matter was referred for entry of

judgment by consent of the parties pursuant to 28 U.S.C. § 636(c).

vacate its order and dismiss the action without prejudice.

Lindsey is serving concurrent sentences totaling thirty years imprisonment. He became eligible for parole in 1984 but parole was denied. Parole was denied again in 1985, 1986, and 1987. On May 4, 1987, Lindsey filed this action claiming that the Board members violated his due process rights by denying parole for "boilerplate" reasons. Lindsey asked for declaratory relief and an injunction ordering the Board to stop denying him parole. In an amended complaint Lindsey sought damages and moved for "a temporary restraining order and/or a preliminary injunction directing [the members of the Board] to cease[ ] denying him parole release, as a form of retaliation against plaintiff for filing a civil action against defendant Wells."

Appellees filed an answer to the amended complaint, incorporating a motion to dismiss for failure to state a claim in which they asserted absolute immunity from liability for damages. In an order dated August 19, 1988, the magistrate concluded that Lindsey had a liberty interest in parole under Arkansas Parole Board Regulation § 3.09, *Parker v. Corrothers*, 750 F.2d 653, 661 (8th Cir.1984), and that his allegations concerning the Board's use of boilerplate language stated a claim for section 1983 relief. Appellees then moved for summary judgment. The magistrate granted the motion, concluding that the Board had not violated Lindsey's due process rights. According to the magistrate, "Each of the denials of parole was accompanied by the Board's reason for denial. While not lengthy, the reasons set forth were not boilerplate responses." Order at 3. This appeal followed.

 Because Lindsey's complaint attacked the fact or length of his confinement, it should not have been entertained by the District Court absent exhaustion of state remedies. *See Offet v. Solem*, 823 F.2d 1256, 1258 (8th Cir.1987) (inmate seeking damages or declaratory relief in section

2. We note that if Lindsey's claim were obviously without merit the District Court's opinion could be affirmed on the basis that exhaustion would be a futile exercise. *Lumpkin v. McKennon*, 882

1983 action in federal court must exhaust state remedies if allegations indirectly attack length of confinement). In his complaint Lindsey indicated that he had not presented his claim in any state proceeding. Review of the Board's decision would be available to him in a state court action for a declaratory judgment.[2] *See Brown v. Lockhart*, 288 Ark. 483, 707 S.W.2d 304 (1986); *Saint John v. Lockhart*, 286 Ark. 234, 691 S.W.2d 148 (1985); Ark.Code Ann. §§ 16–111–101 to 111 (1987).

■ Accordingly, we direct the District Court to vacate its order without prejudice to Lindsey's right to refile his action after exhaustion of state remedies. We note that although *Offet* suggests staying this type of action to avoid a statute of limitations problem, 823 F.2d at 1258 n. 2, this will not be necessary in the instant case. A future section 1983 action for damages will be barred in any event due to the Parole Board's immunity from liability for damages. *See Evans v. Dillahunty*, 711 F.2d 828, 830–31 (8th Cir.1983). If a section 1983 action for declaratory relief is barred by the statute of limitations by the time Lindsey exhausts state remedies, he can seek the same relief in a habeas corpus proceeding.

Reversed and remanded.

F.2d 342 (8th Cir.1989) (per curiam). We cannot say, however, that Lindsey's claim is obviously without merit.