SLIP OPINION

Cite as 2015 Ark. 22

# SUPREME COURT OF ARKANSAS

No. CR-86-183

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** January 22, 2015 |
| KENNY HALFACRE | | |
| | PETITIONER | PRO SE PETITION TO REINVEST |
| | | JURISDICTION IN THE TRIAL |
| | | COURT TO CONSIDER A PETITION |
| | | FOR POSTCONVICTION RELIEF |
| V. | | PURSUANT TO ARKANSAS RULE OF |
| | | CRIMINAL PROCEDURE 37.1 |
| STATE OF ARKANSAS | | [PULASKI COUNTY CIRCUIT COURT, |
| | RESPONDENT | NO. 60CR-85-1579] |
| | | |
| | | <u>PETITION DISMISSED</u>. |

### PER CURIAM

Now before us is petitioner Kenny Halfacre's pro se petition to reinvest jurisdiction in the trial court to consider a petition under the version of Arkansas Rule of Criminal Procedure 37.1 in effect when he became eligible to file a petition.[1] The petition pertains to a judgment of conviction entered in 1986 wherein petitioner was found guilty of aggravated robbery and sentenced as a habitual offender to life imprisonment under the statute in effect at the time of the crime. *See* Ark. Stat. Ann. §§ 41-2102(a) and 41-2103 (Repl. 1977). We affirmed. *Halfacre* *State*, 292 Ark. 329, 731 S.W.2d 182 (1987).

Rule 37, as it applied to petitioners with judgments entered before July 1, 1989, which had been affirmed on appeal, requires the petitioner to obtain leave from this court before filing

---

[1]The petition was filed under the docket number assigned to the direct appeal of the judgment when the appeal was lodged in this court in 1986.

a postconviction petition in the trial court.[2]

Petitioner here contends that he is entitled to postconviction relief on the ground that the judgment in his case is illegal because Act 93, which became effective in 1977, was not applied to his sentence. The Act, codified at Arkansas Statutes Annotated sections 43-2828 to 43-2830 (Repl. 1977 & Supp. 1985), provided guidelines for the length of time that a habitual offender was required to serve before the offender would be eligible for parole. *See Tisdale v. Lockhart*, 288 Ark. 203, 703 S.W.2d 849 (1986). He argues that he should be serving life with the possibility of parole inasmuch as the Act should have been applied to his sentence. Petitioner relies in the petition on our ruling in *Hale v. Hobbs*, 2014 Ark. 405, 443 S.W.3d 533. In *Hale*, we held that the judgment in the criminal case was amendable to correction in a proceeding for a writ of habeas corpus on the ground that there was an error in the sentence imposed that rendered the judgment-and-commitment order invalid on its face.

The instant petition is the fourth request filed in this court seeking Rule 37.1 relief pertaining to the criminal case at issue. As we noted when we dismissed the third such petition, under the applicable provision of the Rule, petitioner was required to raise all issues for postconviction relief in the original petition unless that petition was denied without prejudice. *Halfacre v. State*, 2010 Ark. 377 (per curiam); Ark. R. Crim. P. 37.2(b) (1985); *Ruiz v. State*, 280 Ark. 190, 655 S.W.2d 441 (1983) (per curiam). Petitioner's original petition, which he filed in

---

[2]Criminal Procedure Rule 37 was abolished by this court effective July 1, 1989. *In re Abolishment of Rule 37 and the Revision of Rule 36 of the Arkansas Rules of Criminal Procedure*, 299 Ark. App'x 573, 770 S.W.2d 148 (1989). Rule 37 was reinstated in a revised form on January 1, 1991. *In re Reinstatement of Rule 37 of the Ark. Rules of Criminal Procedure*, 303 Ark. App'x 746, 797 S.W.2d 458 (1990). The revised rule does not require petitioners to gain leave of this court before proceeding in the trial court.

this court in 1987, was not denied without prejudice to filing a subsequent petition. *Halfacre v. State*, CR-86-183 (Ark. Nov. 9, 1987) (unpublished per curiam). The second petition was denied by this court in 2007 as being a prohibited subsequent petition. *Halfacre v. State*, CR-86-183 (Ark. Mar. 22, 2007) (unpublished per curiam). The third petition was also dismissed in 2010 as a prohibited subsequent petition. *Halfacre*, 2010 Ark. 377. Petitioner was therefore prohibited from filing another petition under the Rule, and the instant petition is subject to dismissal on that basis.

Petition dismissed.

*Kenny Halfacre*, pro se petitioner.

*Dustin McDaniel*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.