Cite as 2024 Ark. 139

# SUPREME COURT OF ARKANSAS

No. CV-23-733

| | |
|---|---|
| JOHN LUCKETT <br>                                        APPELLANT <br><br> V. <br><br> ARKANSAS PAROLE BOARD; JOHN FELTS, JAMOL JONES, ANDY SHOCK, BOYCE HAMLET, WENDY RYALS, DOUG SMITH, AND LONA MCCASTLAIN, IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF THE ARKANSAS PAROLE BOARD; AND DEXTER PAYNE, DIRECTOR, ARKANSAS DIVISION OF CORRECTION <br>                                        APPELLEES | **Opinion Delivered:** September 26, 2024 <br><br> PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION [NO. 60CV-23-3275] <br><br> HONORABLE TIMOTHY DAVIS FOX, JUDGE <br><br> <u>AFFIRMED</u>. |

**RHONDA K. WOOD, Associate Justice**

This is John Luckett's appeal from the circuit court's order granting appellees' motion to dismiss his petition for declaratory judgment, injunctive relief, and writ of mandamus. Luckett sought a declaration that the Fair Sentencing for Minors Act (FSMA) applied to his sentences and that the circuit court should order his parole-eligibility date modified. Because Luckett's parole-eligibility claim is barred by the doctrine of res judicata and the circuit court's decision to dismiss was not clearly erroneous, we affirm.

Luckett pleaded guilty to one count of second-degree battery and one count of possession of a handgun on school property for which he was sentenced to 48 months' imprisonment. He also pleaded guilty to two counts of aggravated robbery and was

sentenced to 240 months' imprisonment as well as a guilty plea to two counts of first-degree murder for which he was sentenced to 480 months' imprisonment, to be served consecutively to his 240-month sentence, for an aggregate term of 720 months. Luckett was sixteen years old when he committed each of these offenses. During his incarceration and after becoming an adult, Luckett was charged with, and pleaded guilty to, one count of second-degree murder. For this additional charge, he was sentenced to 360 months' imprisonment to be served consecutively to the 720 months' imprisonment.

Luckett petitioned for relief, arguing that he is "serving a functional[ly] excessive sentence for crimes committed as a juvenile at the time he committed the . . . murder offense [as an adult]," which irreparably taints his sentences. Thus, he continues to seek a declaration that the FSMA applies, that he is entitled to parole eligibility after twenty-five years' imprisonment, and that we should order appellees to modify his parole-eligibility date. Appellees moved to dismiss and attached exhibits demonstrating that Luckett had already litigated this issue. The circuit court granted the motion, and Luckett appealed.

When matters outside the pleadings are presented and not excluded by the circuit court, a motion to dismiss will be treated as a motion for summary judgment. *Davis v. Kelley*, 2018 Ark. 182, 547 S.W.3d 54; *Beebe v. Fountain Lake Sch. Dist.*, 365 Ark. 536, 231 S.W.3d 628 (2006). Summary judgment is appropriate when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. *Davis*, 2018 Ark. 182, 547 S.W.3d 54. When the question involves applying the legal doctrine of res judicata, we simply determine whether the appellee was entitled to judgment as a matter of

2

law. *Beebe*, 365 Ark. 536, 231 S.W.3d 628; *see City of Little Rock v. Pfeifer*, 318 Ark. 679, 887 S.W.2d 296 (1994).

The purpose of res judicata is to end litigation and prevent a party who has already had a fair legal decision on the matter from litigating it again. *Gulley v. State ex rel. Jegley*, 2023 Ark. 70, 664 S.W.3d 421. There are two facets to res judicata: issue preclusion and claim preclusion. *Id.*; *see also DeSoto Gathering Co. v. Hill*, 2018 Ark. 103, 541 S.W.3d 415. Claim preclusion bars relitigating a subsequent suit when five factors are present: (1) the first suit resulted in a final judgment on the merits; (2) there was proper jurisdiction for it; (3) it was fully contested in good faith; (4) both suits involve the same claim or cause of action; and (5) both suits involve the same parties or their privies. *Gulley*, 2023 Ark. 70, 664 S.W.3d 421.

Although Luckett does not address the precise argument from the motion to dismiss—that his claim is barred by res judicata—we affirm the dismissal. Luckett's prior claim on this issue was presented and denied by a circuit court on the merits on June 13, 2022.[1] Because the matter had been fully litigated, we find the circuit court's dismissal was not clearly erroneous and we affirm.

Affirmed.

WOMACK, J., dissents.

---

[1] The circuit court found that Luckett is charged with knowledge of the law in effect when he committed the crime and pleaded guilty to second-degree murder as an adult. Although Luckett committed offenses and was incarcerated as a minor, he also committed a violent offense as an adult, making him ineligible for release on parole pursuant to Arkansas Code Annotated section 16-93-609(b)(1).

**SHAWN A. WOMACK, Justice, dissenting.** Appellant's request for relief is barred by article 5, section 20 of the Arkansas Constitution.[1] Absent an express constitutional provision to the contrary, the State can never properly be a defendant in any of its courts.[2] Because there is not an express constitutional provision that allows the State to be a defendant in this context, dismissal is proper.[3] For the reasons set forth in my dissent in *Perry v. Payne*, I respectfully dissent.[4]

*John Luckett*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.

---

[1]*See, e.g.*, *Perry v. Payne*, 2022 Ark. 112, at 5 (Womack, J., dissenting) (stating article 5, section 20 required the dismissal of the appeal from denial of writ of mandamus and declaratory judgment).

[2]*See Thurston v. League of Women Voters of Ark.*, 2022 Ark. 32, at 17, 639 S.W.3d 319, 327 (Womack, J., dissenting).

[3]Here, there was not an express constitutional provision that allowed Luckett to initiate a new civil case against the State. Thus, Luckett should have petitioned for mandamus, injunctive, and declaratory relief in his original 1999 criminal case in which he pled guilty to, and was convicted of, one count of second-degree battery, one count of possession of a handgun, two counts of aggravated robbery, and two counts of first-degree murder for which he is currently serving an aggregate sentence of 1080 months' or 90 years' imprisonment. Instead, he initiated a new civil action below, 60CV-23-3275. This he cannot do. *See supra*, note 1.

[4]*Id.*