SLIP OPINION

Cite as 2014 Ark. 188

# SUPREME COURT OF ARKANSAS

No. CV-13-531

| | | |
|---|---|---|
| EARNEST CHAMBLISS | | **Opinion Delivered** April 24, 2014 |
| | APPELLANT | PRO SE APPELLANT'S MOTION FOR APPOINTMENT OF COUNSEL [LEE COUNTY CIRCUIT COURT, NO. 39CV-13-27] |
| v. | | |
| STATE OF ARKANSAS | | HONORABLE L.T. SIMES, JUDGE |
| | APPELLEE | APPEAL DISMISSED; MOTION MOOT. |

## PER CURIAM

In 2007, appellant Earnest Chambliss was found guilty by a Pulaski County jury of two counts each of aggravated robbery and theft of property arising from the aggravated robbery of two different banks, two days apart. The charges were joined for trial. The sentences on all counts were enhanced for use of a firearm pursuant to Arkansas Code Annotated section 16-90-120 (Repl. 2006). An aggregate term of 672 months' imprisonment was imposed. The Arkansas Court of Appeals affirmed. *Chambliss v. State*, CR-08-210 (Ark. App. Oct. 1, 2008) (unpublished) (original case No. CACR-08-210).

After the judgment was affirmed, appellant timely filed in the trial court a pro se petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2007). Relief was denied, and we affirmed the order. *Chambliss v. State*, 2011 Ark. 12 (per curiam).

In 2013, appellant, who was incarcerated at a unit of the Arkansas Department of Correction located in Lee County, filed a pro se petition for writ of habeas corpus in the Lee

County Circuit Court.[1] In the petition, he raised the following claims: the felony information failed to specify the brand name, model, and caliber of the firearm used in commission of the offenses, and the State failed to prove beyond a reasonable doubt that a firearm was used; the charges should have been severed for trial, and his trial attorney was ineffective for failure to obtain a severance; the testimony of several witnesses varied from the witnesses' original statements to police, and the witnesses' identifications of appellant as the perpetrator of the offenses were unreliable and inaccurate and should not have been admitted into evidence; the prosecutor used improper methods to obtain a conviction.

The circuit court denied the habeas petition, and appellant lodged an appeal of that order in this court. Now before us is appellant's motion for appointment of counsel to represent him on appeal.

We dismiss the appeal, and the motion is moot inasmuch as it is clear from the record that appellant could not prevail on appeal. An appeal of the denial of postconviction relief, including an appeal from an order that denied a petition for writ of habeas corpus, will not be permitted to go forward where it is clear that the appeal is without merit. *Davis v. Hobbs*, 2014 Ark. 45 (per curiam); *Lukach v. State*, 369 Ark. 475, 255 S.W.3d 832 (2007) (per curiam).

A writ of habeas corpus is proper only when a judgment of conviction is invalid on its face or when a trial court lacked jurisdiction over the cause. *Glaze v. Hobbs*, 2013 Ark. 458 (per curiam); *Abernathy v. Norris*, 2011 Ark. 335 (per curiam); *Davis v. Reed*, 316 Ark. 575, 873 S.W.2d 524 (1994). The burden is on the petitioner in a habeas-corpus petition to establish that the trial

---

[1]As of the date of this opinion, appellant remains incarcerated in Lee County.

court lacked jurisdiction or that the judgment-and-commitment order was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). The petitioner must plead either the facial invalidity or the lack of jurisdiction and make a "showing by affidavit or other evidence [of] probable cause to believe" that he is illegally detained. *Id.* at 221, 226 S.W.3d at 798.

The allegations raised by appellant that were claims of trial error and insufficiency of the evidence could have been, or were, raised at trial. The allegations did not call into question the trial court's jurisdiction or the facial validity of the judgment-and-commitment order entered in appellant's case. *See Daniels v. Hobbs*, 2011 Ark. 192 (per curiam) (holding that allegations of an illegal search and insufficiency of the evidence were not grounds for issuance of the writ). Assertions of trial error, including claims pertaining to due process and equal protection, are not sufficient to implicate the facial validity of the judgment or the jurisdiction of the trial court. *Hill v. State*, 2013 Ark. 413 (per curiam); *see also Smith v. Smith*, 2013 Ark. 481 (per curiam) (Due-process claims are not cognizable in a habeas proceeding.); *Bliss v. Hobbs*, 2012 Ark. 315 (per curiam); *McHaney v. Hobbs*, 2012 Ark. 361 (per curiam); *Craig v. Hobbs*, 2012 Ark. 218 (per curiam) (Attacks on the sufficiency of the evidence and the admissibility of evidence are not cognizable in a habeas proceeding.).

With respect to the sufficiency of the felony information, we have consistently held that the proper time to object to the form or sufficiency of a charging instrument is prior to trial. *Jones v. State*, 2014 Ark. 37 (per curiam); *Murry v. Hobbs*, 2013 Ark. 29 (per curiam); *see also Davis v. State*, 2011 Ark. 88 (per curiam); *Prince v. State*, 304 Ark. 692, 805 S.W.2d 46 (1991); *England*

3

*v. State*, 234 Ark. 421, 352 S.W.2d 582 (1962). We have declined to review the sufficiency of an information on appeal when there was no proper objection in the court below. *Prince*, 304 Ark. 692, 805 S.W.2d 46. If we considered the issue to be jurisdictional, we could have overlooked the failure to object and reversed the conviction, if necessary, on our own motion. *See Jones v. State*, 297 Ark. 485, 763 S.W.2d 81 (1989). Accordingly, appellant here did not establish that the trial court lacked jurisdiction by virtue of a defective information.

Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Bliss*, 2012 Ark. 315; *Culbertson v. State*, 2012 Ark. 112 (per curiam). Appellant offered nothing to demonstrate that the trial court in his case did not have subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes. *Id.* We will treat allegations of void or illegal sentences similarly to the way we treat problems of subject-matter jurisdiction. *Friend v. State*, 364 Ark. 315, 219 S.W.3d 123 (2005) (per curiam)(citing *Taylor v. State*, 354 Ark. 450, 125 S.W.3d 174 (2003)). However, a habeas-corpus proceeding does not afford a prisoner an opportunity to retry his case, and it is not a substitute for direct appeal or postconviction relief. *Bliss*, 2012 Ark. 315; *Van v. Hobbs*, 2011 Ark. 287 (per curiam); *Meny v. Norris*, 340 Ark. 418, 420, 13 S.W.3d 143, 144 (2000) (per curiam).

As to the claims raised by appellant that were assertions, or could have been construed as assertions, that he was denied effective assistance of counsel for failure to properly address the issues at trial, allegations of ineffective assistance of counsel are not cognizable in a habeas proceeding. *Rodgers v. State*, 2011 Ark. 443 (per curiam); *Willis v. State*, 2011 Ark. 312; *Tryon v. State*, 2011 Ark. 76 (per curiam); *Grimes v. State*, 2010 Ark. 97 (per curiam). Claims concerning

SLIP OPINION

counsel's effectiveness are properly raised pursuant to Arkansas Rule of Criminal Procedure 37.1 (2013). *Rodgers*, 2011 Ark. 443; *Christopher v. Hobbs*, 2011 Ark. 399 (per curiam); *Moore v. Hobbs*, 2010 Ark. 380 (per curiam); *Hill v. Norris*, 2010 Ark. 287 (per curiam). A petition for writ of habeas corpus is not a substitute for proceeding under Rule 37.1. *Rodgers*, 2011 Ark. 443; *Tryon*, 2011 Ark. 76; *see also Johnson v. Hobbs*, 2010 Ark. 459 (per curiam); *Rickenbacker v. Norris*, 361 Ark. 291, 206 S.W.3d 220 (2005) (per curiam).

When a petitioner in a habeas proceeding fails to raise a claim within the purview of a habeas action, the petitioner fails to meet his burden of demonstrating a basis for a writ of habeas corpus to issue. *Benton v. Hobbs*, 2013 Ark. 385 (per curiam); *Henderson v. White*, 2011 Ark. 361 (per curiam). Appellant clearly did not meet his burden, and, therefore, he could not prevail on appeal. *See Glaze*, 2013 Ark. 458; *see also Smith v. Hobbs*, 2013 Ark. 400 (per curiam).

Appeal dismissed; motion moot.

*Earnest Chambliss*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.