SLIP OPINION

Cite as 2014 Ark. 244

# SUPREME COURT OF ARKANSAS

No. CV-12-609

| | |
|---|---|
| LARRY RAYFORD<br><br>APPELLANT<br><br>V.<br><br><br>RAY HOBBS, DIRECTOR, ARKANSAS<br>DEPARTMENT OF CORRECTION<br>APPELLEE | Opinion Delivered   May 22, 2014<br><br>PRO SE APPEAL FROM THE<br>LINCOLN COUNTY CIRCUIT COURT,<br>[NO. 40CV-12-22]<br><br>HONORABLE JODI RAINES DENNIS,<br>JUDGE<br><br>AFFIRMED. |

**PER CURIAM**

In 1994, appellant Larry Rayford was found guilty by a jury of capital murder and sentenced to life imprisonment without parole. This court affirmed. *Rayford v. State*, 326 Ark. 656, 934 S.W.2d 496 (1996). Subsequently, appellant sought postconviction relief without success under Arkansas Rule of Criminal Procedure 37.1 (1994), in error-coram-nobis proceedings, and in a previous habeas-corpus proceeding. *See Rayford v. State*, CR-96-428 (Ark. Feb. 14, 2008) (unpublished per curiam); *Rayford v. State*, CR-07-651 (Ark. Nov. 8, 2007) (unpublished per curiam); *Rayford v. State*, CV-04-1171 (Ark. June 23, 2005) (unpublished per curiam) (original docket no. 04-1171); *Rayford v. State*, CR-96-428 (Ark. Mar. 4, 2004) (unpublished per curiam); *Rayford v. State*, CR-98-1322 (Ark. May 18, 2000) (unpublished per curiam).

On March 26, 2012, appellant filed in the Lincoln County Circuit Court, the county in which he is incarcerated, a pro se petition for writ of habeas corpus.[1] In the petition, appellant

---

[1] As of the date of this opinion, appellant remains incarcerated in Lincoln County.

SLIP OPINION

argued that the original judgment-and-commitment order is void such that he is entitled to release because the Arkansas Department of Correction (ADC) would not "admit" the order until it was amended to show the convicted crime of capital murder as a Class Y felony instead of an unclassified felony. He further contended that the trial court did not have the authority after trial to amend the judgment-and-commitment order to reflect that the convicted offense of capital murder was a Class Y felony instead of an unclassified felony as stated in the original order. The circuit court denied the petition, and appellant has lodged an appeal of the order in this court.

The burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Britt v. State*, 2014 Ark. 134 (per curiam); *Culbertson v. State*, 2012 Ark. 112 (per curiam). Under our statute, a petitioner who does not allege actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must additionally make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006); *Darrough v. State*, 2013 Ark. 28 (per curiam). A circuit court's denial of habeas relief will not be reversed unless the court's findings are clearly erroneous. *Justus v. Hobbs*, 2013 Ark. 149 (per curiam).

On January 21, 1994, the judgment-and-commitment order was entered reflecting that appellant had been convicted of capital murder and sentenced to life imprisonment without parole. The offense was listed as an unclassified felony. Subsequently, at the conclusion of a hearing on an unrelated posttrial motion, the prosecuting attorney informed the trial court that

the ADC had contacted him to inquire about amending the judgment-and-commitment order to classify the capital-murder conviction as a Class Y felony. According to the prosecutor, the ADC informed him that its computer would not accept the order with the convicted offense listed as an unclassified felony. While stating that capital murder is not a Class Y felony, the trial court agreed to enter an amended order in light of the record-keeping requirements of the ADC. On February 17, 1994, an amended judgment-and-commitment order was entered reflecting that the convicted offense of capital murder was a Class Y felony.

Appellant argues on appeal that the trial court did not have jurisdiction after trial to enter the amended order. He further argues that the original judgment is void such that he is entitled to release because the order showed the convicted offense as an unclassified felony resulting in the refusal of the ADC to "admit" the order. He contends that the amendment is more than a correction of a clerical error, and he raises the argument for the first time on appeal that he was entitled to notice and an opportunity to be heard prior to the entering of the amended order.[2]

Arkansas Code Annotated section 5-10-101(c) (Supp. 1991), in effect on the date that appellant committed the offense, provided, in pertinent part, "Capital murder is punishable by death or life imprisonment without parole . . . . For all purposes other than disposition . . ., capital murder is a Class Y felony." As reflected in the original judgment-and-commitment order, appellant was found guilty of capital murder, and he was sentenced to life imprisonment

_____

[2]Because arguments raised for the first time on appeal could not have been considered by the trial court, they will not be addressed by this court. *Williams v. State*, 2013 Ark. 375 (per curiam). Issues raised for the first time on appeal are not grounds to reverse a trial court's order. *Id.* Accordingly, we do not consider any argument raised by appellant for the first time on appeal.

without parole in accordance with section 5-10-101(c). Because capital murder is not a Class Y felony for the purpose of disposition, the original order listed the offense as an unclassified felony. The order was subsequently amended in light of the administrative needs of the ADC. Based on the classification of capital murder as a Class Y felony for purposes other than disposition, the amendment was not in error.

Appellant fails to demonstrate that amending the order to classify capital murder as a Class Y felony was more than a clerical change. With respect to clerical errors, this court has repeatedly recognized that clerical errors in judgments are subject to correction at any time. *Misenheimer v. Hobbs,* 2012 Ark. 343 (per curiam); *Smith v. State*, 2011 Ark. 333 (per curiam) ("[A] circuit court has jurisdiction to amend a judgment and commitment order to correct a clerical error."). Moreover, clerical errors do not prevent enforcement of a judgment-and-commitment order. *Burgie v. Norris*, 2010 Ark. 267 (per curiam). It is well settled that clerical errors do not entitle a petitioner to relief in a habeas-corpus proceeding. *Reed v. Hobbs*, 2012 Ark. 61 (per curiam). Accordingly, the order of conviction is enforceable, and the trial court had jurisdiction to amend the order.

Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Jones v. State*, 2014 Ark. 67 (per curiam); *Williams v. Norris*, 2012 Ark. 30 (per curiam). A circuit court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes. *Williams*, 2012 Ark. 30. It is true that we will treat void or illegal sentences similarly to the way that we treat problems of subject-matter jurisdiction. *Friend v. State*, 364 Ark. 315, 219 S.W.3d 123 (2005) (per curiam) (citing *Taylor v. State*, 354 Ark. 450, 125

S.W.3d 174 (2003)). Detention for an illegal period of time is what a writ of habeas corpus is designed to correct. *Misenheimer*, 2012 Ark. 343. However, a habeas-corpus proceeding does not afford a prisoner an opportunity to retry his case, and, again, it is not a substitute for direct appeal or postconviction relief. *Meny v. Norris*, 340 Ark. 418, 13 S.W.3d 143 (2000) (per curiam). When a petitioner in a habeas proceeding failed to raise a claim within the purview of a habeas action, the petitioner failed to meet his burden of demonstrating a basis for a writ of habeas corpus to issue. *Jones*, 2014 Ark. 67. Appellant fell far short of meeting that burden, and the circuit court did not err in denying the petition.

Affirmed.

*Larry Rayford*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.