SLIP OPINION

Cite as 2014 Ark. 283

# SUPREME COURT OF ARKANSAS

No. CR-12-624

| | |
|---|---|
| EDDIE SILVER WATKINS **APPELLANT** | **Opinion Delivered** June 19, 2014 |
| V. | PRO SE APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NOS. 30CR-10-33, 30CR-10-34] |
| STATE OF ARKANSAS **APPELLEE** | HONORABLE CHRIS E WILLIAMS, JUDGE |
| | AFFIRMED. |

## PER CURIAM

In 2012, appellant Eddie Silver Watkins entered a guilty plea to four counts of second-degree forgery in Case No. 30CR-10-33 in the Hot Spring County Circuit Court, and an aggregate sentence of 420 months' imprisonment was imposed. He also entered a guilty plea to two counts of second-degree forgery in Case No. 30CR-10-34, and an aggregate sentence of 420 months' imprisonment was imposed. The judgment-and-commitment orders in these cases reflect that the sentences, along with the sentences in Case Nos. 30CR-10-27 and 30CR-10-192, were imposed concurrently. In 2012, appellant, who is incarcerated at a unit of the Arkansas Department of Correction located in Hot Spring County, filed a pro se petition for writ of habeas corpus in the Hot Spring County Circuit Court, which was docketed in his criminal cases, Case Nos. 30CR-10-33 and 30CR-10-34. In the petition, appellant argued that the trial court lacked jurisdiction to convict and sentence him because he had cashed the forged checks, which he alleges were the subject of his convictions in 30CR-10-33 and 30CR-10-34, in Garland County rather than in Hot Spring County. The circuit court denied the petition by written order,

finding that appellant was in possession of the checks in Hot Spring County, and that possession of the checks in the county was sufficient for the trial court to have jurisdiction. The circuit court found that appellant had taken the checks from Arbour Oaks, a nursing home in Hot Spring County, before cashing them at various locations in Garland County. The circuit court further found that appellant's co-defendant had cashed some of the stolen checks in Hot Spring County. Appellant has lodged an appeal from the order.

The burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Britt v. State*, 2014 Ark. 134 (per curiam); *Culbertson v. State*, 2012 Ark. 112 (per curiam). Under our statute, a petitioner who does not allege actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must additionally make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006); *Darrough v. State*, 2013 Ark. 28 (per curiam). A circuit court's denial of habeas relief will not be reversed unless the court's findings are clearly erroneous. *Justus v. Hobbs*, 2013 Ark. 149 (per curiam).

Appellant contends on appeal that the trial court did not have jurisdiction because he was not in possession of the forged checks in Hot Spring County. He alleges that he never took the checks from Arbour Oaks so that he did not have possession of them.[1] In support of his claim

---

[1]According to appellant's brief-in-chief, there are Arbour Oaks facilities in both Hot Spring and Garland Counties, and the affidavit of probable cause lists the victim as Arbour Oaks Nursing Home with an address in Garland County. However, appellant admits in his brief that he copied the account and routing numbers from checks at the Arbour Oaks located in Hot Spring County.

SLIP OPINION

that he was not in possession of the checks in Hot Spring County, appellant refers to the affidavit of probable cause that includes a statement from Barbara Gilmore, an employee of Arbour Oaks, that the forged checks "were not real" and "did not look like" Arbour Oaks's checks.

However, appellant admits in his brief that the commission of the charged crime began in Hot Spring County. Specifically, he admits that, as part of his scheme and in furtherance of his plan to make the forged checks, he wrote on a piece of paper the account and routing numbers from a check that he saw lying behind the counter of the nurses' station at the Hot Spring County facility. He then drove to Garland County where he purchased a "check kit," made checks with Arbour Oaks as the drawer, and cashed the checks at various locations.

"A person forges a written instrument if, with purpose to defraud, the person makes, completes, alters, counterfeits, possesses, or utters any written instrument that purports to be or is calculated to become or to represent if completed the act of a person who did not authorize that act." Ark. Code Ann. § 5-37-201(a) (Repl. 2006).

An allegation that an offense occurred outside the territorial jurisdiction of the court is cognizable in a habeas proceeding. *Roberson v. State*, 2013 Ark. 75 (per curiam). In Arkansas, jurisdiction is statutorily provided for in Arkansas Code Annotated section 16-88-105 (Supp. 2009), which states: "The local jurisdiction of circuit courts and justices' courts shall be of offenses committed within the respective counties in which they are held."[2] An offense that

---

[2]In addition, the Arkansas Constitution provides, in part, that "[i]n all criminal prosecutions the accused shall enjoy the right to a speedy and public trial by impartial jury of the county in which the crime shall have been committed."Ark. Const. art. 2, § 10.

SLIP OPINION

occurs in more than one county is governed by Arkansas Code Annotated section 16-88-108(c) (Repl. 2005), which provides: "Where the offense is committed partly in one county and partly in another, or the acts, or effects thereof, the jurisdiction is in either county." The purpose of this section is to prevent miscarriages of justice by extending the lines of jurisdiction beyond the limits prescribed by the common law; thus, this section is remedial in nature and must be liberally construed. *Cloird v. State*, 352 Ark. 190, 99 S.W.3d 419 (2003); *State v. Osborn*, 345 Ark. 196, 45 S.W.3d 373 (2001) (citing *Hill v. State*, 253 Ark. 512, 487 S.W.2d 624 (1972)). Our cases have consistently recognized that when a crime begins in one county and proceeds to culmination in another county, both counties have jurisdiction to prosecute the crime. *Cromeans v. State*, 2013 Ark. 273 (per curiam); *Fudge v. Hobbs*, 2012 Ark. 80 (per curiam); *Ridling v. State*, 360 Ark. 424, 203 S.W.3d 63 (2005); *Cloird*, 352 Ark. 190, 99 S.W.3d 419; *Cozzaglio v. State*, 289 Ark. 33, 709 S.W.2d 70 (1986).

It is presumed that a charged offense was committed within the jurisdiction of the court where the charge was filed, unless the evidence affirmatively shows otherwise. *Evans v. State*, 2010 Ark. 234 (per curiam). In his petition, appellant admits that his efforts to forge the checks that led to his convictions in 30CR-10-33 and 30CR-10-34 began at Arbour Oaks in Hot Spring County. Assuming *arguendo* that appellant presented evidence in his habeas petition to show that he did not remove the checks from the facility in Hot Spring County, he has failed to make a showing of probable cause to believe that some part of the offense was not committed in that county. Instead, appellant has demonstrated only that the charged crimes were committed in a single criminal episode that began at Arbour Oaks in Hot Spring County and culminated in

Garland County. Thus, the court in either county had jurisdiction to try appellant for committing the forgeries.[3]  *See* Ark. Code Ann. § 16-88-108(c).

Appellant also states on appeal in a conclusory fashion that his guilty plea was "rushed" and "should have been caught by counsel." To the extent that appellant is raising a claim of ineffective assistance of counsel involving his guilty plea, these allegations are not cognizable in a habeas proceeding. *Chambliss v. State*, 2014 Ark. 88 (per curiam); *Rodgers v. Hobbs*, 2011 Ark. 443 (per curiam); *Willis v. State*, 2011 Ark. 312; *Tryon v. State*, 2011 Ark. 76 (per curiam); *Grimes v. State*, 2010 Ark. 97 (per curiam). Claims concerning counsel's effectiveness are properly raised pursuant to Arkansas Rule of Criminal Procedure 37.1 (2012). *Chambliss*, 2014 Ark. 188; *Rodgers*, 2011 Ark. 443; *Christopher v. Hobbs*, 2011 Ark. 339 (per curiam); *Moore v. Hobbs*, 2010 Ark. 380 (per curiam); *Hill v. Norris*, 2010 Ark. 287 (per curiam). A petition for writ of habeas corpus is not a substitute for proceeding under Rule 37.1. *Chambliss*, 2014 Ark. 188; *Rodgers*, 2011 Ark. 443; *Tryon*, 2011 Ark. 76; *see also Johnson v. Hobbs*, 2010 Ark. 459 (per curiam); *Rickenbacker v. Norris*, 361 Ark. 291, 206 S.W.3d 220 (2005) (per curiam).

Because appellant did not establish the facial invalidity of the judgment or demonstrate a lack of the trial court's jurisdiction, he did not establish a basis for a writ of habeas corpus to

[3]Appellant argues in his reply brief that, because the State argued below that jurisdiction was proper in the Hot Spring County Circuit Court on the basis that he had possession of the checks in that county, it cannot argue on appeal that the forgeries were a continuing course of conduct such that both Hot Spring and Garland Counties had jurisdiction to prosecute the charged crimes. In its order, the circuit court denied the petition for habeas relief based on its finding that the Hot Spring County Circuit Court had jurisdiction based on appellant's possession of the checks in that county. Because it is not necessary to reach the issue of possession to determine that jurisdiction was proper, we affirm the circuit court's order for a different reason. This court can affirm if the right result is reached even if it is for a different reason. *Faigin v. Diamante*, 2012 Ark. 8, 386 S.W.3d 372.

issue.  *See Culbertson*, 2012 Ark. 112; *Skinner v. Hobbs*, 2011 Ark. 383 (per curiam); *McHaney v. Hobbs*, 2012 Ark. 361 (per curiam).  Jurisdiction is the power of the court to hear and determine subject matter in controversy.  *Bliss v . Hobbs*, 2012 Ark. 315 (per curiam); *Culbertson*, 2012 Ark. 112 (per curiam); *Fudge*, 2012 Ark. 80; *Anderson v. State*, 2011 Ark. 35 (per curiam); *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007).  A circuit court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes.  *Bliss*, 2012 Ark. 315.  Appellant did not meet his burden of demonstrating a basis for a writ of habeas corpus to issue. *Rodgers*, 2011 Ark. 443; *Henderson v. White*, 2011 Ark. 361 (per curiam).  Accordingly, the circuit court's order is affirmed.

Affirmed.

*Eddie Silver Watkins*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.