Jim Hannah, Chief Justice, dissenting. _JjI respectfully dissent. Contrary to the majority’s assertions, the circuit court had subject-matter jurisdiction over the State’s case against Standridge because Arkansas Code Annotated section 9-15-207 (Repl. 2009) is criminal in nature. Our caselaw is replete with the proposition that jurisdiction is the power of the court to hear and determine subject matter in controversy. Bliss v. Hobbs, 2012 Ark. 315, 2012 WL 3374058 (per curiam); Culbertson v. State, 2012 Ark. 112, 2012 WL 745303 (per curiam); Fudge v. Hobbs, 2012 Ark. 80, 2012 WL 579483; Anderson v. State, 2011 Ark. 35, 2011 WL 395486 (per curiam); Baker v. Norris, 369 Ark. 405, 255 S.W.3d 466 (2007). A circuit court has subject-matter jurisdiction to hear and to determine cases ^involving violations of criminal statutes. Watkins v. State, 2014 Ark. 283, 437 S.W.3d 685; Bliss, 2012 Ark. 315, 2012 WL 3374058. In my view, section 9-15-207, while contained in the Domestic Abuse Act, is a statute that is criminal in nature. This stance is supported by the language of the statute itself, which states in pertinent part, that “jurisdiction for the criminal offense of violating the terms of an order of protection is with the circuit court or other courts having jurisdiction over criminal matters.” Ark. Code Ann. § 9-15-207(c) (emphasis added). Accordingly, the circuit court had subject-matter jurisdiction over the matter. Further, Arkansas Code Annotated section 9-15-207 provides: (a) Any order of protection granted únder this chapter is enforceable by a law enforcement agency with proper jurisdiction. (b) An order of protection shall include a notice to the respondent or party restrained that: (1) A violation of the order of protection is a Class A misdemeanor carrying a maximum penalty of one (1) year imprisonment in the county jail or a fine of up to one thousand dollars ($1,000), or both; (2) A violation of an order of protection under this section within five (5) years of a previous conviction for violation of an order of protection is a Class D felony; (3) It is unlawful for an individual who is subject to an order of protection or convicted of a misdemeanor of domestic violence to ship, transport, or possess a firearm or ammunition pursuant to 18 U.S.C. § 922(g)(8) and (9) as it existed on January 1, 2007; and (4) A conviction of violation of an order of protection under this section within five (5) years of a previous conviction for violation of an order of protection is a Class D felony. (c) For respondents eighteen (18) years of age or older or emancipated minors, jurisdiction for the criminal offense of violating the terms of an order of protection is with the circuit court or other courts having jurisdiction over criminal matters. (d)(1) In the final order of protection, the petitioner’s home or business address may be excluded from notice to the respondent. (2) A court shall also order that the petitioner’s copy of the order of protection be excluded from any address where the respondent happens to preside. (e) A law enforcement officer shall not arrest a petitioner for the violation of an order of protection issued against a respondent. (f) When a law enforcement officer has probable cause to believe that a respondent has violated an order of protection and has been presented verification of the existence of the order of protection, the officer may arrest the respondent without a warrant whether or not the violation occurred in the presence of the officer if the order of protection was obtained according to this chapter and the Arkansas Rules of Criminal Procedure. (g) An order of protection issued by a court of competent jurisdiction in any county of this state is enforceable in every county of this state by any court or law enforcement officer. (Emphasis added.) Here, the plain language of the statute expressly states that a violation of an order of protection within five (5) years of a previous conviction is a Class D felony; that violation of an order of protection is a “criminal offense”; and that the Arkansas Rules of Criminal Procedure govern when the officer arrests a respondent without a warrant. This reading is further supported by the legislature’s intent. In 2009, the Arkansas General Assembly saw fit to amend section 9-15-207, and in addition to the plain language of the Act, the emergency clause is instructive. This court has held that it is a rule of statutory construction that the emergency clause of an act can be used in determining the intent of the legislature. See, e.g., Rosario v. State, 319 Ark. 764, 894 S.W.2d 888 (1995). The emergency clause of Act 331 of 2009 reads as follows: SECTION 3. EMERGENCY CLAUSE. It is found and determined by the General Assembly of the State of Arkansas that domestic violence is on the rise and poses a danger to the public; that increasing the penalty for repeat offenders aids both law enforcement and the victims of domestic violence and that this act is immediately necessary because current enforcement and prosecution will be greatly aided by the new, more serious penalties for those persons who repeatedly violate orders of protection, therefore, an emergency is declared to exist and this act being immediately necessary for the preservation of the public peace, health, |4and safely shall become effective[.] Act of Mar. 10, 2009, No.’ 331, § 3, 2009 Ark. Acts 1320, 1322-23 (emphasis added). • Thus, it is clear from a review of the plain language of the statute and the emergency clause of Act 331 of 2009 that the Arkansas General Assembly intended to criminalize and to prosecute the behavior of those persons like Standridge who violate an order of protection in domestic-abuse cases. Given the application of section 9-15-207 to the facts of Standridge’s case, I would affirm his conviction and sentence. CORBIN and DANIELSON, JJ„ join.