SLIP OPINION

Cite as 2014 Ark. 539

# SUPREME COURT OF ARKANSAS

No. CR-14-31

| | | |
|---|---|---|
| MATTHEW ESRY | APPELLANT | **Opinion Delivered** December 18, 2014 |
| V. | | PRO SE APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NO. 30CR-11-16] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE CHRIS E WILLIAMS, JUDGE |
| | | <u>AFFIRMED AND REMANDED WITH INSTRUCTIONS</u> |

**PER CURIAM**

On March 30, 2011, judgment was entered reflecting that appellant Matthew Esry had entered a plea of guilty to second-degree battery for which a sentence of 96 months' imprisonment was imposed. While appellant was informed at the plea hearing that the sentence would be enhanced based on his habitual-offender status, the judgment-and-commitment order does not reflect that he was sentenced as a habitual offender.

Appellant was charged by information alleging that he committed second-degree battery and asserting that he was a habitual offender based on prior convictions of criminal mischief and rape. The record reflects that, at the plea hearing on March 22, 2011, appellant was informed that he had been charged with second-degree battery as a habitual offender. He stated that he understood that the punishment range for second-degree battery is zero to six years, that the punishment would be enhanced by habitual-offender status based on two prior felony convictions, and that he was pleading to a sentence of eight years based on that enhancement.

SLIP OPINION

Thereafter, the trial court sentenced him at the hearing as a habitual offender to eight years' imprisonment. Appellant also signed a plea agreement filed on March 23, 2011, indicating the imposition of a sentence of eight years based on a guilty plea to second-degree battery and habitual-offender status. While the judgment-and-commitment order entered on March 30, 2011, reflects that appellant was sentenced to serve 96 months' imprisonment for second-degree battery, the order was not appropriately marked to indicate that appellant was sentenced as a habitual offender.

In December 2011, appellant filed a petition to correct an illegal sentence, alleging that the sentence imposed was outside the statutory range for second-degree battery. Following a hearing on June 26, 2012, the trial court denied and dismissed the petition based on its finding that, because the petition was untimely, it no longer had jurisdiction over the matter. The trial court found, however, that the eight-year sentence did exceed the presumptive sentence for second-degree battery.

In October 2012, appellant again filed a petition to correct an illegal sentence, repeating the allegation that the imposed sentence was outside the statutory range and raising the additional allegation that he had notified his attorney of this error within ninety days after his sentence was imposed. In an order entered on February 5, 2013, the trial court "closed the case" and found it would not address the argument raised in the petition based on the doctrine of res judicata.

On August 16, 2013, appellant filed another petition to correct an illegal sentence, contending as he had previously that his sentence was outside the statutory range for second-

degree battery. He alleged that, because the sentence was outside the range, it was illegal on its face. The trial court denied the petition, and appellant has lodged an appeal from that order in this court.

On appeal, appellant argues that, because the judgment-and-commitment order reflects a sentence of 96 months' imprisonment based on the conviction of second-degree battery and was not marked to indicate that he was sentenced as a habitual offender, his sentence is illegal based on the available sentencing range for second-degree battery.[1] He further argues for the first time on appeal that his plea agreement is void because it was not signed by the prosecuting attorney. We will not consider new arguments raised for the first time on appeal or consider factual substantiation added to bolster the allegations made below. *Thornton v. State*, 2014 Ark. 113 (per curiam).

Second-degree battery is a Class D felony, which is punishable by a sentence that shall not exceed six years. Ark. Code Ann. § 5-13-202(b) (Supp. 2011); Ark. Code Ann. § 5-4-401(a)(5) (Supp. 2011). Arkansas Code Annotated section 5-4-501(a)(2)(E) (Supp. 2011) provides that a habitual offender with more than one but fewer than four prior felonies, who is convicted of a Class D felony, shall be sentenced to a term of imprisonment of not more than twelve years.

Sentencing in Arkansas is entirely a matter of statute. *State v. Colvin*, 2013 Ark. 203, 427

---

[1]At the June 26, 2012 hearing, the trial court seemed to indicate that, because the sentence exceeded the presumptive sentence for second-degree battery, appellant would only be required to serve the presumptive sentence, plus 120 days. Apparently based on this finding by the trial court, appellant argues for the first time on appeal that he should be resentenced to 120 days. Because we do not find that the imposed sentence is excessive, it is not necessary to address this argument.

S.W.3d 635; *Glaze v. State*, 2011 Ark. 464, 385 S.W.3d 203. No sentence shall be imposed other than as prescribed by statute. *Maldonado v. State*, 2009 Ark. 432. A void or illegal sentence is one that is illegal on its face. *Lovelace v. State*, 301 Ark. 519, 785 S.W.2d 212 (1990); *Fritts v. State*, 298 Ark. 533, 768 S.W.2d 541 (1989). A sentence is illegal on its face when it exceeds the statutory maximum for the offense for which the defendant was convicted. *Lovelace*, 301 Ark. 519, 785 S.W.2d 212; *Fritts*, 298 Ark. 533, 768 S.W.2d 541. If a sentence is within the limits set by statute, it is legal. *Grissom v. State*, 2013 Ark. 417 (per curiam).

A claim that a sentence is illegal presents an issue of subject-matter jurisdiction that can be addressed at any time under section 16-90-111(a) (Supp. 2011). *McClanton v. State*, 2014 Ark. 439, ___ S.W.3d ___ (per curiam); *Atkins v. State*, 2014 Ark. 393, 441 S.W.3d 19 (per curiam). While it is true that this statute was declared superseded by the time limitations in Arkansas Rule of Criminal Procedure 37.2(c), that portion of section 16-90-111 that provides a means to challenge a sentence on the ground that the sentence is illegal on its face remains in effect. *See Reeves v. State*, 339 Ark. 304, 5 S.W.3d 41 (1999); *see also Gilliland v. State*, 2014 Ark. 243 (per curiam) (holding that, to the extent that a claim is cognizable under Rule 37.1, section 16-90-111 has been superseded, and any allegation that can be considered under Rule 37.1 is subject to the limitations contained in the Rule). For that reason, the trial court had authority to grant relief under the statute if the sentence imposed on appellant was indeed illegal. *Hodges v. State*, 2013 Ark. 299 (per curiam).

Here, the sentence imposed on appellant did not exceed the statutory maximum. The failure to appropriately indicate on the judgment-and-commitment order that appellant was

sentenced as a habitual offender is clearly clerical error that does not result in an illegal sentence. *See Grissom v. State*, 2009 Ark. 557 (per curiam) (recognizing the failure to indicate habitual-offender status in the original judgment-and-commitment order was a "clerical oversight" when the transcript of the plea hearing showed that the appellant was informed that his sentence was being enhanced based on his status as a habitual offender). With respect to clerical errors, this court has repeatedly recognized that clerical errors in judgments are subject to correction at any time. *Rayford v. Hobbs*, 2014 Ark. 244 (per curiam); *Misenheimer v. Hobbs*, 2012 Ark. 343 (per curiam); *Smith v. State*, 2011 Ark. 333 (per curiam) ("[A] circuit court has jurisdiction to amend a judgment and commitment order to correct a clerical error."). Moreover, clerical errors do not prevent enforcement of a judgment-and-commitment order. *Rayford*, 2014 Ark. 244; *Burgie v. Norris*, 2010 Ark. 267 (per curiam).

Accordingly, we affirm the denial of the petition on the basis that the sentence of 96 months' imprisonment imposed on appellant is not an illegal sentence.[2] However, we remand with instructions for the trial court to enter a corrected judgment-and-commitment order reflecting that appellant was sentenced as a habitual offender.

Affirmed and remanded with instructions.

*Matthew Esry*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

---

[2]We can affirm if the right result is reached even if it is for a different reason. *Watkins v. State*, 2014 Ark. 283, 437 S.W.3d 685 (2014) (per curiam).