SLIP OPINION

Cite as 2016 Ark. 238

# SUPREME COURT OF ARKANSAS.
### No. CR–16–136

| | | |
|---|---|---|
| DANIEL VERA | | **Opinion Delivered** June 2, 2016 |
| | APPELLANT | |
| | | PRO SE MOTION FOR EXTENSION |
| V. | | OF BRIEF TIME |
| | | [PULASKI COUNTY CIRCUIT |
| STATE OF ARKANSAS | | COURT, NO. 60CR-12-3401] |
| | APPELLEE | |
| | | HONORABLE LEON JOHNSON, |
| | | JUDGE |
| | | |
| | | APPEAL DISMISSED; MOTION |
| | | MOOT. |

## PER CURIAM

Appellant Daniel Vera is an inmate incarcerated in the Arkansas Department of Correction serving an aggregate sentence of 180 months' imprisonment. Vera's sentence was imposed by a judgment entered in the Pulaski County Circuit Court on August 18, 2014, convicting Vera of the charges of rape, residential burglary, first-degree terroristic threatening, violation of an order of protection, and third-degree domestic battering. On October 6, 2015, Vera filed in the trial court a petition to reconsider and/or modify sentence, and the court denied it. Vera lodged this appeal, and he filed a motion in which he seeks an extension of time to file his brief. Because it is clear that Vera cannot prevail on appeal, we dismiss the appeal and the motion is therefore moot.

When it is clear from the record that the appellant cannot prevail if an appeal of an order that denied postconviction relief were permitted to go forward, we dismiss the appeal. *Wheeler v. State*, 2015 Ark. 233, 463 S.W.3d 678 (per curiam); *see also Justus v. State*, 2012

Ark. 91. It is clear from the record that the trial court correctly found that it did not have authority to grant relief on Vera's petition.

Vera's petition did not clarify the basis for modifying the sentence imposed. He merely requested a hearing to "make the court aware of new and mitigating circumstances to reconsider." He did not contend that his sentence was illegal or invalid, only that circumstances since its imposition had changed. Once a sentence has been placed into execution, the trial court no longer has authority to modify, amend, or revise a valid sentence. *Johnson v. State*, 2012 Ark. 212. Vera did not plead facts sufficient for the trial court to grant the relief he requested. *Id.*

Even if the trial court had treated the petition as one for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2015), it could not grant relief. Because he entered a guilty plea, under Arkansas Rule of Criminal Procedure 37.2(c) (2014), Vera was required to file his Rule 37.1 petition within ninety days of the date of entry of the judgment. Vera filed his petition more than a year after the judgment had been entered, and it was not timely under the Rule. The time requirements are mandatory, and when a petition under Rule 37.1 is not timely filed, a trial court shall not grant postconviction relief. *See Joslin v. State*, 2015 Ark. 328 (per curiam); *see also Engram v. State*, 2013 Ark. 424, 430 S.W.3d 82. It is therefore clear that Vera cannot prevail on appeal of the order denying postconviction relief.

Appeal dismissed; motion moot.