SLIP OPINION

Cite as 2016 Ark. 430

# SUPREME COURT OF ARKANSAS.
No. CV-16-316

| | |
|---|---|
| CODY WARD | **Opinion Delivered** December 1, 2016 |
| APPELLANT | |
| V. | PRO SE APPEAL FROM ORDER DISMISSING A PRO SE PETITION FOR JUDICIAL REVIEW JEFFERSON COUNTY CIRCUIT COURT [No. 35CV-16-316 ] |
| WENDY KELLEY, DIRECTOR ARKANSAS DEPARTMENT OF CORRECTION | |
| APPELLEES | HONORABLE, JUDGE JODI RAINES DENNIS |
| | <u>SUPPLEMENTAL BRIEFING ORDERED</u>. |

**PER CURIAM**

This is a pro se appeal from the dismissal of a petition for judicial review that was filed pursuant to the Administrative Procedure Act–Arkansas Code Annotated sections 25-15-212 – 219 (Repl. 2014). Appellant Cody Ward, pleaded guilty to one count of manslaughter and is incarcerated in the Arkansas Department of Correction (ADC) pursuant to a sentencing order entered by the Mississippi County Circuit Court on March 5, 2013. The order reflected a sentence of 240 months' imprisonment for the crime of manslaughter and the imposition of a consecutive firearm enhancement of 120 months' imprisonment pursuant to Arkansas Code Annotated section 16-90-120 (Repl. 2006). The sentencing order further reflected that the crime had been committed on June 18, 2012, that Ward had a "0" criminal history score, and that Ward had not been sentenced as a habitual offender.

The second page of the March 5, 2013 sentencing order reflected that the total term to be served "for all offenses" was 240 months' imprisonment.

The ADC initially calculated Ward's term of imprisonment to total an aggregate term of 240 months' imprisonment. However, Ward's time computation card was changed by the ADC on July 14, 2015, to reflect an increase in the time to be served from an aggregate term of 240 months' imprisonment to a term of 360 months' imprisonment. The ADC's recalculation of Ward's sentence moved his parole date from March 6, 2016, to November 5, 2017.

In response to the recalculation of his sentence, Ward filed a grievance and alleged that he was a first-time offender that had been convicted of a Class C felony offense which carried a maximum penalty of 120 months' imprisonment; that the enhancement of an additional 120 months' imprisonment was included in the total sentence of 240 months' imprisonment; and that the ADC had misinterpreted the sentencing order and had illegally increased his sentence for manslaughter by 120 months. Due to the concern that Ward has been serving time under an illegal sentence, we order supplemental briefing on this issue.

The ADC did not adjudicate Ward's grievance and summarily denied it based on the calculation of its records clerk who had determined that his 240-month sentence had been enhanced by a consecutive term of 120 months' imprisonment. The final agency decision was entered on November 24, 2015. The record is not clear on when Ward was given notice of the final decision, but Ward subsequently sent a petition for judicial review in advance of the expiration of the 30-day time frame to file such a petition.

In response to the petition for judicial review, the ADC filed a motion to dismiss and argued that, under this court's holding in *Fatpipe Inc. v. State*, 2012 Ark. 248, 410 S.W.3d 574, its decision was not one that was subject to judicial review. The ADC also alleged that the Mississippi County Circuit Court had entered an amended sentencing order on August 25, 2014, which amended the aggregate sentence to 360 months' imprisonment. However, the ADC did not attach the amended order to its motion to dismiss and the only order that was made part of this record before this court was the original sentencing order entered on March 5, 2013. The circuit court granted the ADC's motion.

When a complaint is dismissed on a question of law, this court conducts a de novo review. *Renfro v. Smith*, 2013 Ark. 40, at 2 (per curiam). The administration of prisons has generally been held to be beyond the province of the courts. *Clinton v. Bonds*, 306 Ark. 554, 557-58, 816 S.W.2d 169, 171–72 (1991). However, an exception to the courts' reticence to entertain prisoner's administrative complaints occurs when the petitioner asserts an infringement on constitutional rights. *Id.* When an inmate alleges facts sufficient to raise a liberty interest, the ADC's actions are subject to judicial review. *Munson v. Arkansas Department of Correction*, 375 Ark. 549, 553, 294 S.W.3d 409, 411 (2009)(per curiam). The unlawful confinement of an individual under a sentence longer than that permitted by statute constitutes a denial of liberty without due process of law. *Renshaw v. Norris*, 337 Ark. 494, 497–98, 989 S.W.2d 515, 517 (1999). Ward has alleged sufficient facts establishing a constitutionally protected liberty interest.

We ordered the state to supplement the record with the amended sentencing order. The sentence clearly exceeds the maximum penalty for the crime. Manslaughter is a Class

C felony. Ark. Code Ann. § 5-4-104(c) (Repl. 2006). A Class C felony carries a maximum penalty of 10 years' or 120 months' imprisonment. Ark. Code Ann. § 5-4-401(a)(4) (Repl. 2006). As stated above, there is no indication on the face of the order that Ward had been sentenced as an habitual offender.

In its response to Ward's grievance, the ADC did not consider Ward's allegation that a sentence of 240 months' imprisonment exceeds the statutory maximum for manslaughter. This court has found that the ADC has a duty to execute sentences in compliance with the law. *Kelley v. Norris*, 2012 Ark. 86, at 3 (citing *Kelley v. Washington*, 311 Ark. 73, 843 S.W.2d 797 (1992)); *Woods v. Lockhart*, 292 Ark. 37, 727 S.W.2d 849 (1987) (petitions for declaratory relief and for a writ of mandamus are appropriate where persons incarcerated have sought to compel the ADC to perform its duty with respect to the asserted terms of incarceration).

As stated above, the ADC argued below and argues on appeal that judicial review of the ADC's actions are circumscribed by the Administrative Procedure Act (APA) which limits judicial review to agency adjudications. *See* Ark Code Ann. § 25–15–212. It is true that this court has held that the right to judicial review under the APA is limited to cases where the agency acted in a quasi-judicial manner by conducting a full adjudication of the issue. *Fatpipe*, 2012 Ark. 248, 410 S.W.3d 574. We have also explained that where there has not been an adjudication before the administrative agency, the circuit court does not have jurisdiction for review. *Walker v. Arkansas State Board of Education*, 2010 Ark. 277, 365 S.W.3d 899. However, if the Constitution requires due process before an agency can abridge a liberty interest by extending the duration of an inmate's sentence, then the fact

that the agency failed to conduct an adjudication is in itself an issue that is subject to judicial review. *Clinton*, 306 Ark. at 558, 816 S.W.2d at 172. Thus, the absence of an adjudication is irrelevant to this court's authority to review this matter, because such a conclusion would compound a denial of due process.

The issue of the illegality of a sentence may be raised at any time, because the unlawful confinement of an individual under a sentence longer than that permitted by statute constitutes a denial of liberty without due process. *Renshaw*, 337 Ark. 497–98, 989 S.W.2d 517. Because the imposition of an illegal sentence is viewed as a violation of basic constitutional rights, this court has consistently viewed the issue as being an issue of subject–matter jurisdiction, in that it cannot be waived by the parties and may be addressed for the first time on appeal. *State v. Webb*, 373 Ark. 65, 69, 281 S.W.3d 273, 276 (2008). Sentencing in Arkansas is entirely a matter of statute. *Esry v. State*, 2014 Ark. 539, at 3–4, 453 S.W.3d 144, 146–47 (per curiam). No sentence shall be imposed other than as prescribed by statute. *Id*. A void or illegal sentence is one that is illegal on its face. *Id*. A sentence is illegal on its face when it exceeds the statutory maximum for the offense for which the defendant was convicted. *Id*.

The record before this court contains the sentencing order entered on March 5, 2013, and has since been supplemented to include the amended order entered on August 25, 2014. While contending that the amended order justified its action, the ADC failed to explain the basis for increasing the total sentence from 240 months' imprisonment to 360 months' imprisonment and also failed to explain how the increase represented a valid modification of the original order occurring over one year after that order had been entered

SLIP OPINION

and placed into execution. *See Vera v. State*, 2016 Ark. 238, at 2 (per curiam) (Once a sentence has been placed into execution, the trial court no longer has authority to modify, amend, or revise a valid sentence.).

Accordingly, we order that the both parties file supplemental briefs within 10 days to address the issue of whether the amended sentencing order results in an illegal sentence and thus whether the ADC's recalculation of his time was in error.

Supplemental briefing ordered within 10 days.