SLIP OPINION

Cite as 2016 Ark. 471

# SUPREME COURT OF ARKANSAS.

**No.** CV-16-316

| | |
|---|---|
| CODY WARD<br><br>APPELLANT<br><br>V.<br><br>WENDY KELLEY, DIRECTOR ARKANSAS DEPARTMENT OF CORRECTION<br><br>APPELLEE | **Opinion Delivered** December 15, 2016<br><br>PRO SE APPEAL FROM ORDER DISMISSING A PRO SE PETITION FOR JUDICIAL REVIEW JEFFERSON COUNTY CIRCUIT COURT [No. 35CV-16-316 ]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br><u>AFFIRMED IN PART AND REMANDED TO THE MISSISSIPPI COUNTY CIRCUIT COURT IN PART</u>. |

### PER CURIAM

This is a pro se appeal from the dismissal of a petition for judicial review that was filed pursuant to the Administrative Procedure Act–Arkansas Code Annotated sections 25-15-212 to -219 (Repl. 2014). After a thorough review, the State concedes that the 2014 amended sentencing order appears illegal on its face. The circuit court's dismissal of Ward's petition is affirmed, however the matter is remanded to the sentencing court to vacate the August 25, 2014 amended sentencing order.

Appellant Cody Ward pleaded guilty to one count of manslaughter and is incarcerated in the Arkansas Department of Correction (ADC) pursuant to a sentencing order entered by the Mississippi County Circuit Court on March 5, 2013. The order

reflected a sentence of 240 months' imprisonment for the crime of manslaughter and the imposition of a consecutive firearm enhancement of 120 months' imprisonment pursuant to Arkansas Code Annotated section 16-90-120 (Repl. 2006). The sentencing order further reflected that the crime had been committed on June 18, 2012, that Ward had a "0" criminal history score, and that Ward had not been sentenced as a habitual offender. The second page of the March 5, 2013 sentencing order reflected that the total term to be served "for all offenses" was 240 months' imprisonment.

The ADC initially calculated Ward's term of imprisonment to total an aggregate term of 240 months' imprisonment. However, Ward's time computation card was changed by the ADC on July 14, 2015, to reflect an increase in the time to be served from an aggregate term of 240 months' imprisonment to a term of 360 months' imprisonment. The ADC's recalculation of Ward's sentence moved his parole date from March 6, 2016, to November 5, 2017. In response to the recalculation of his sentence Ward filed a grievance and alleged that he was a first-time offender that had been convicted of a Class C felony offense which carried a maximum penalty of 120 months' imprisonment; that the enhancement of an additional 120 months' imprisonment was included in the total sentence of 240 months' imprisonment; and that the ADC had misinterpreted the sentencing order and had illegally increased his sentence for manslaughter by 120 months. Ward contended below, and in his argument on appeal, that the sentencing order itself was not illegal, but that the ADC had interpreted the order to illegally extend the duration of his incarceration.

While the ADC alleged that the Mississippi County Circuit Court had entered an amended sentencing order on August 25, 2014, which increased the aggregate sentence to

360 months' imprisonment, it did not include this amended order in the record that was initially brought before this court. Because the ADC failed to include the amended sentencing order in the record, and in view of Ward's allegations that the ADC had extended his term of imprisonment by misinterpreting the ambiguous sentencing order entered on March 5, 2013, we found that Ward had stated sufficient facts to raise a liberty interest that entitled Ward to judicial review of the ADC's actions under our holding in *Clinton v. Bonds*, 306 Ark. 554, 557-58, 816 S.W.2d 169, 171-72. We ordered the ADC to supplement the record with a certified copy of the amended judgement and commitment order that the ADC alleged was the basis for its recalculation. The ADC supplemented the record with a certified copy of the 2014 amended sentencing order which reflected that the circuit court of Mississippi County had increased Ward's aggregate sentence from 240 months' imprisonment to 360 months' imprisonment.

Both parties were subsequently ordered to file supplemental briefs to address the issue of whether the amended sentencing order results in an illegal sentence. Ward argues that the amended sentencing order is illegal on its face and that the ADC erred by recalculating his sentence based on an invalid amended order. Ward further argues that the ADC and the circuit court had a duty to address the illegality of the amended order and to correct the sentence. In its supplemental response, the ADC concedes that the amended sentencing order is illegal on its face in that it exceeds the maximum penalty for manslaughter and that there is no indication in the record that any statutory enhancement was applied to the sentence.

SLIP OPINION

However, the ADC correctly argues that it has not been granted the authority either by statute or through case law to modify a sentence imposed by a circuit court, and that the Administrative Procedure Act is not the correct vehicle by which Ward can obtain relief. We therefore affirm the dismissal of the action by the Jefferson County Circuit Court.

Nevertheless, notwithstanding the procedural posture of this case, the issue of the illegality of a sentence may be raised at any time, because the unlawful confinement of an individual under a sentence longer than that permitted by statute constitutes a denial of liberty without due process. *Renshaw v. Norris*, 337 Ark. 494, 497–98, 989 S.W.2d 515, 517 (1999). Because the imposition of an illegal sentence is viewed as a violation of basic constitutional rights, this court has consistently viewed the issue as being an issue of subject-matter jurisdiction, in that it cannot be waived by the parties and may be addressed for the first time on appeal. *State v. Webb*, 373 Ark. 65, 69, 281 S.W.3d 273, 276 (2008). Sentencing in Arkansas is entirely a matter of statute. *Esry v. State*, 2014 Ark. 539, at 3–4, 453 S.W.3d 144, 146–47 (per curiam). No sentence shall be imposed other than as prescribed by statute. *Id.* A void or illegal sentence is one that is illegal on its face. *Id.* A sentence is illegal on its face when it exceeds the statutory maximum for the offense for which the defendant was convicted. *Id.* Because the amended sentencing order had the effect of extending Ward's parole eligibility date beyond March 6, 2016, and in view of the fact that the ADC has conceded that the amended order imposed a sentence that exceeded the maximum statutory penalty, it is likely that Ward is currently being wrongfully detained.

Accordingly, the circuit court's order dismissing the petition is affirmed; the matter is remanded to the circuit court of Mississippi County to vacate the amended sentencing

order within 5 days and notify the ADC of the change in Ward's sentence. We note that although we are affirming the appeal from the administrative decision, we encourage the ADC to review his parole eligibility in light of this opinion.

Affirmed in part and remanded to the Mississippi County Circuit Court in part.

*Cody Ward*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kristen C. Green*, Ass't Att'y Gen., for appellee