Josephine Linker Hart, Justice, concurring in part and dissenting in part. I agree that there is substantial evidence to support Mr. Morris’s conviction for criminal contempt. Nonetheless, I cannot agree that the sanction imposed was proper. I therefore respectfully dissent. |aI cannot agree that it is proper for the majority to adopt the State’s argument that “a judge’s power to punish for criminal contempt is not limited by Arkansas Code Annotated section 16-10-108.” I am mindful that the proposition is supported by Johnson v. Johnson, 343 Ark. 186, 198, 33 S.W.3d 492, 499 (2000). However, the General Assembly legislatively overruled that case when it amended section 16-10-108 to make criminal contempt a Class C misdemeanor. Section 16-10-108 comports with the Arkansas Constitution; article 7, section 26 states, “The General Assembly shall have power to regulate, by law, the punishment of contempts; not committed in the presence of or hearing of the courts, or in disobedience of process.” Obviously, as noted by the majority, all of Mr. Morris’s contempt occurred when he was not in the courtroom. Accordingly, punishment for Mr. Morris’s tardy arrival at court was capped at $500 by section 16-10-108. It is axiomatic that sentencing in Arkansas is entirely a matter of statute. E.g., Ward v. Kelley, 2016 Ark. 471, 506 S.W.3d 224 (citing Esry v. State, 2014 Ark. 539, at 3-4, 453 S.W.3d 144, 146-47 (per curiam)). Further, we routinely hold that no sentence shall be imposed other than as prescribed by statute. Id. Moreover, we unwaveringly state that an illegal sentence is any sentence that exceeds the statutory maximum for the offense for which the defendant was convicted and that the sentence may be challenged at any time. Id. In the case before us, the $4000 sanction that the circuit court imposed exceeded the maximum fine of $500 allowed by statute for a Class C misdemeanor. Ark. Code Ann. § 5-4-201(b)(3). I am mindful that when a person is found in criminal contempt, restitution may be ordered. See, e.g., Valley v. State, 2016 Ark. 443, 505 S.W.3d 674. However, before being | inordered to pay restitution, I contemnor, like any other criminal defendant, is entitled to due process. In the case before us, due process requires that the court follow the applicable statute. Restitution in criminal cases is governed by Arkansas Code Annotated section 5-4-205. In pertinent part it states: (a)(1) A defendant who is found guilty or who enters a plea of guilty or nolo contendere to an offense may be ordered to pay restitution. [[Image here]] (b)(1) Whether a trial court or a jury, the sentencing authority shall make a determination of actual economic loss caused to a victim by the offense. [[Image here]] (3) When an offense has not resulted in bodily injury to a victim, a restitution order entered under this section may require that the defendant reimburse the victim for income lost by the victim as a result of the offense. (4)(A) The determination of the amount of loss is a factual question to be decided by the preponderance of the evidence presented to the sentencing authority during the sentencing phase of a trial. (B) The amount of loss may be decided by agreement between a defendant and the victim represented by the prosecuting attorney. [[Image here]] (c)(1) As used in this section and in any provision of law relating to restitution, “victim” means any person, partnership, corporation, or governmental entity or agency that suffers property damage or loss, monetary expense, or physical injury or death as a direct or indirect result of the defendant’s offense or criminal episode. In the case before us, there was no formal restitution hearing. In fact, there was no evidence presented to the trier of fact— the circuit judge—save for his own unsupported assertion that the resetting of the trial resulted in “at least” a $4000 loss to the county. Mr. Morris clearly challenged the restitution component of his sanction; however, the State did not come forward with any evidence. | nit is the job of the judiciary of this state to make sure that every Arkansas citizen receives due process of law before he or she is' deprived of liberty or property. I cannot agree that Mr. Morris received due process in this case with regard to whatever part of the $4000 sanction that the circuit judge ascribed to restitution. Accordingly, on the record before us, the most that Mr. Morris could receive as a sanction is $500. I therefore respectfully dissent.